STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ETHERINGTON
2023 OK 8
Case Number: SCBD-7383
Decided: 02/06/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 8, __ P.3d __

 

FOR PUBLICATION IN OBJ ONLY. NOT FOR OFFICIAL PUBLICATION. 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
KEVIN D. ETHERINGTON, Respondent.
ORDER OF EMERGENCY INTERIM SUSPENSION
¶1 On December 20, 2022, Complainant, the Oklahoma Bar Association (OBA), filed a verified complaint against Respondent Kevin D. Etherington pursuant to Rule 6.2A of the Rules Governing Disciplinary Proceedings (RGDP) 5 O.S.2011, ch. 1, app. 1-A. On January 20, 2023, the OBA filed an amended verified complaint against Respondent pursuant to Rule 6 of the Rules Governing Disciplinary Proceedings (RGDP) 5 O.S.2011, ch. 1, app. 1-A. With the concurrence of the Professional Responsibility Commission, the OBA requests an emergency interim suspension of Respondent from the practice of law pursuant to Rule 6.2A of the RGDP.
¶2 In support, the OBA reports that it has received sufficient evidence demonstrating Respondent has committed conduct in violation of Rules 1.1 and 8.4(a)(b) and (d) of the Oklahoma Rules of Professional Conduct, and Rule 1.3 of the Rules Governing Disciplinary Proceedings, and that the conduct poses an immediate threat of substantial and irreparable public harm.
¶3 Complainant submits Respondent, who was employed at the time as the First Assistant District Attorney for Payne and Logan counties, Oklahoma, came under investigation by the OSBI in July of 2022 based on a cyber tip submitted by Google to the National Center for Missing and Exploited Children after detecting child pornography on a Google drive account identified as belonging to Respondent. 
¶4 Complainant submits the OSBI began an investigation into the matter and found Respondent's personal information on his Google Drive, including images of Respondent himself in various states of dress, engaging in sexual activities; Respondent's 2019 and 2020 tax returns; as well as 153 videos and photographic images depicting child sex abuse and exploitation. 
¶5 Complainant submits Respondent was promptly terminated from his position as the First Assistant District Attorney in Payne and Logan counties, Oklahoma, and was arrested and placed in custody. Respondent was charged in State of Oklahoma v. Kevin Etherington, CF-2022-483 with the following two felonies: Count I: Aggravated Possession of Child Pornography by possessing on November 28, 2022 over 100 videos/images of child pornography in violation of 21 O.S. 1040.12a and Count II: Possession of Child Pornography by possessing and uploading onto his Goggle drive on or between July 23 and July 24, 2022, videos of child pornography in violation of 21 O.S. 1021.2.
¶6 Complainant submits Respondent sought to have his $500,000.00 bond reduced via a motion filed by his defense attorneys on December 6, 2022, based on his lack of prior criminal history "except [for] a misdemeanor Driving Under the Influence [charge] approximately 15 years ago and a property crime which was dismissed (this arose after his divorce was finalized and he was retrieving his personal property from his former spouse"). Said motion specifically argued Respondent is an attorney and former assistant district attorney in Payne and Logan counties and that "Upon being granted a reasonable bail he may resume private practice or assist private law practitioners." Respondent's motion for a bond reduction and/or modification was denied on January 11, 2023, after the State of Oklahoma announced the possible filing of additional criminal charges against Respondent pending the OSBI's investigation. Respondent's preliminary hearing in his criminal case is set for May 4, 2023.
¶7 Complainant submits that Respondent's incarceration - at the very least until his preliminary hearing in May of 2023, or until he is able to post bond - is simply incompatible with having a license to practice law. The public is at risk, as well as the reputation of the legal system, by Respondent maintaining his license to practice law while he is incarcerated.
¶8 Complainant likewise submits that even if Respondent is able to post bond and is released from jail, he remains unfit to practice law given the specific terms and conditions of his bond and pretrial release which include the following:

a. He shall not have unsupervised contact with any minor chid. . . .
d. He is not allowed within 1,000 feet of any school, park, or mall. . . .

f. He shall not have access to or be in possession of any computer or device with access to the internet or the capability to access the internet.
¶9 The Court ordered Respondent to show cause, no later than January 12, 2023, why an emergency interim suspension should not be entered. The Court sent a file-stamped copy of the order and the verified complaint to Respondent's official roster address as well as to the Respondent's additional record address. Respondent failed to respond to the show cause order and failed to file an objection.
¶10 Upon consideration of the verified complaint, the amended verified complaint, and application for emergency interim suspension, the Court finds that Respondent has committed conduct in violation of the Oklahoma Rules of Professional Conduct that poses an immediate threat of substantial and irreparable public harm.
¶11 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Respondent, Kevin D. Etherington, is immediately suspended from the practice of law, pursuant to Rule 6.2A of the RGDP.
¶12 FURTHERMORE, Respondent is ordered to give written notices by certified mail, within twenty (20) days from the date of this Order, to all of his clients having legal business pending of his inability to represent them and the necessity for promptly retaining new counsel. If Respondent is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which Respondent has substantial responsibility. Respondent shall file a formal withdrawal as counsel in all cases pending in any tribunal. Respondent must file, within twenty (20) days from the date of this Order, an affidavit with the Commission and the Clerk of the Supreme Court stating that he has complied with this Order, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which Respondent is admitted to practice. Proof of substantial compliance by Respondent with this Order shall be a condition precedent to any petition for reinstatement.
¶13 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE on February 6, 2023.
/S/CHIEF JUSTICE
ALL JUSTICES CONCUR.